Robert L. Sills
robert.sills@pillsburylaw.com
Telephone: +1 (212) 858-1114

Alexander D. Hardiman
alexander.hardiman@pillsburylaw.com
Telephone: +1 (212) 858-1064

Janine M. Stanisz
janine.stanisz@pillsburylaw.com
Telephone: +1 (212) 858-1016

PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street New York, NY 10019
Telephone: +1 (212) 858-1000
Facsimile: + l (212) 858-1500

*Attorneys for Petitioner Foresight Energy, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FORESIGHT ENERGY, LLC,<br><br>            Petitioner,<br><br>      v.<br><br>ARCH REINSURANCE LTD.,<br><br>            Respondent. | 23-cv-<br><br>**PETITION** |

Petitioner Foresight Energy, LLC ("Foresight"), for its petition against Respondent Arch

Reinsurance Ltd. ("Arch"), states as follows:

**INTRODUCTION**

1.      This action arises out of Arch's refusal to engage in a process for disclosing potential conflicts of interest by Arch's party appointed arbitrator, Ms. Diane Nergaard ("Arch's Nominee"), in the ongoing arbitration between the parties.

2.      Foresight owns and operates mining complexes in Illinois. Arch is one of Foresight's all-risk insurers. After Foresight suffered a substantial loss and Arch denied coverage, Foresight filed suit in state court in Missouri. The case was removed to federal court, which ultimately stayed the case pending arbitration due to the arbitration provision included in the policy issued by Arch.

3.      Foresight commenced arbitration against Arch in accordance with the arbitration provision and nominated Mr. Martin Anderson as co-arbitrator ("Foresight's Nominee"). Arch likewise named its Nominee. Foresight then attempted to agree with Arch on a procedure for each party-appointed arbitrator to disclose any facts that might constitute a conflict of interest. Arch, however, opposed Foresight's proposal, claiming that there is no requirement for party-appointed arbitrators to be impartial and that neither the arbitration provision nor governing law required such disclosures. To this date, Arch's Nominee has not disclosed any facts that might constitute a potential conflict of interest.

4.      Contrary to Arch's assertions, party-appointed arbitrators are required to make disclosures of facts that might give rise to doubts as to a lack of impartiality or independence at the outset of the arbitration. In that way the parties can assess whether the arbitrators are qualified to sit on the panel, and if they are not, pursue any appropriate remedies at their disposal, including requesting the arbitrator(s) in question to recuse themselves.

5.      Foresight now seeks a declaratory relief regarding the disclosure obligation of Arch regarding any facts that might lead to justifiable doubts as to a lack of independence or impartiality

of Arch's Nominee and a preliminary and permanent injunction in aid of arbitration from this Court that will allow the arbitration to proceed in accordance with applicable law, including a process for the party-appointed arbitrators to disclose any facts that might constitute a conflict of interest.

## JURISDICTION

6. This action arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T.S. 2517. Accordingly, this court has jurisdiction over the subject matter of this action pursuant to Chapter Two of the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq.* in particular § 203 thereof.

7. This Court furthermore has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1332(a)(2) because it is between Foresight, a citizen of the States of Delaware and Missouri, and Arch, a citizen of Bermuda. The amount in controversy exceeds $ 75,000, exclusive of interests and costs.

8. Venue in this District is proper pursuant to 9 U.S.C. § 204 because the parties agreed that the underlying arbitration would take place in New York.

9. This Court has personal jurisdiction over Arch because a provision to arbitrate in New York confers personal jurisdiction on this Court.

## THE PARTIES

10. Petitioner Foresight is, and at all relevant times has been, a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the City of St. Louis, Missouri.

11.    Upon information and belief, Respondent Arch is, and at all relevant times has been, a corporation organized and existing under the laws of Bermuda with its principal place of business in Bermuda.

## FACTUAL BACKGROUND

**The Insurance Policy**

12.    Arch and certain other insurers issued and subscribed to policies insuring Foresight against "all risks" of "direct physical loss or damage to the Real, Personal Property and Equipment of the Insured and resultant Business Interruption and Extra Expense to reduce Business Interruption loss" resulting from an "Occurrence" that first commences during the policy period of December 15, 2020 to December 15, 2021. Arch sold Foresight policy number 8874-742-00, effective December 15, 2020 to December 15, 2021 ("Policy").

13.    The Policy contains the following arbitration provision:

If any dispute shall arise among the Insured and the Insurer with reference to the interpretation of this insurance or rights with respect to any transaction involved, whether such dispute arises before or after termination of this insurance, such dispute, upon the written request of either party, shall be submitted to three arbitrators, one to be chosen by either party, and the third one be the two so chosen. If either party refuses, or neglects to appoint an arbitrator within 30 days after receipt of written notice from the other party requesting it to do so, the requesting party may appoint two arbitrators. If the two arbitrators fail to agree in the selection of a third arbitrator within 30 days of their appointment, each of them shall name two, of whom the other shall decline one and the decision shall be made by drawing lots. All arbitrators shall be active or retired officers of insurance or reinsurance companies not under the control of with party to this certificate. The arbitrators shall interpret this certificate as an honorable engagement and not as merely a legal obligation. They are relieved of all judicial formalities and may abstain from following the strict rule of law. They shall make their award with a view to effecting the general purpose of this certificate in a reasonable manner rather than in accordance with a literal interpretation of the language. Each party shall submit its case to the arbitrator with 30 days of the appointment of the third arbitrator.

The decision in writing of any two arbitrators when filed with the parties hereto shall be final and binding on both parties. Judgment may be entered upon the final decision of the arbitrators in any court having jurisdiction. Each party shall bear the expense of its own arbitrator and shall jointly and equally bear with the other party

the expense of the third arbitrator and of the arbitration. Said arbitration shall take place in New York, NY and under US law unless some other place is mutually agreed upon by the Insured and the Insurer.

## Foresight's Loss and the Ensuing Litigation

14. Foresight owns and operates mining complexes in southern Illinois. Foresight's mines sustained fire damage leading to over $115 million in losses. Arch, however, has wrongly denied coverage for those losses under the Policy.

15. Foresight commenced an action against Arch and others in state court in Missouri, asserting breach of contract and vexatious refusal claims, and seeking declaratory relief regarding coverage. The defendants in this action removed the case to the United States District Court of the Eastern District of Missouri ("Eastern District of Missouri"), which found that the arbitration provisions in certain of the underlying policies were enforceable and accordingly stayed the action pending arbitration.

## Foresight's Arbitration Demand and Subsequent Communications with Arch

16. After the decision by the Eastern District of Missouri, Foresight served Arch with an Arbitration Demand and named its Nominee. In the term set forth in the arbitration provision, Arch responded to the Arbitration Demand and named its Nominee.

17. Foresight suggested that the parties agree on a deadline for the party-appointed arbitrators to disclose any facts that might constitute a conflict of interest. Counsel for Foresight specifically expressed a concern for repeat arbitrator appointments by one of the parties or its counsel. Counsel for Arch refused to agree on a deadline for disclosures by the party-appointed arbitrators. The parties agreed on a 10-day deadline for Foresight to send its position to Arch in writing.

18. Foresight thereafter sought disclosures from Arch's Nominee of any facts that might constitute a conflict of interest. Arch, on the other hand, argued that party-appointed

arbitrators are not subject to any requirements of independence or impartiality, and has refused to provide any disclosures.

## FIRST CLAIM FOR RELIEF
### Preliminary and Permanent Injunctive Relief

19.    Arch has refused to agree to any procedure for the party-appointed arbitrators to disclose any facts that might constitute a conflict of interest. Without those disclosures, the parties are prevented from dealing with any potential conflicts at the outset of the arbitration. Foresight cannot assess whether Arch's Nominee complies with the applicable requirements of neutrality and impartiality set forth under the Policy, governing law, and related arbitration guidelines.

20.    Foresight faces the irreparable harm of being forced to participate in an arbitration proceeding that might not comply with basic requirements of neutrality. Foresight is prevented from exercising any remedies at its disposal due to potential evident partiality by one of the arbitrators, including further challenge or potential recusal.

21.    Foresight is entitled to preliminary and permanent injunctive relief directing Arch to disclose if facts or circumstances exist that may, in the eyes of the parties, give rise to doubts as to Arch's Nominee's impartiality or independence and directing Arch not to proceed with the selection of the panel's Chair until the process for disclosures has been completed.

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment

22.    A dispute has arisen between Foresight and Arch. Foresight contends that the party-appointed arbitrators in the underlying arbitration are required to disclose promptly after nomination any fact that might constitute a conflict of interest. Arch, on the other hand, contends that there is no disclosure obligation imposed on party-appointed arbitrators. The controversy is actual and justiciable within the meaning of the Declaratory Judgments Act, and Foresight is

6

entitled to the entry of a judgment declaring that the party-appointed arbitrators are required to

make appropriate disclosures.

WHEREFORE, Foresight demands judgment against Respondent Arch, as follows:

(a) Preliminary and permanent injunctive relief directing Arch to disclose if facts or circumstances exist that may give rise to doubts as to Arch's Nominee's impartiality or independence, including a description of any appointment or engagement by Arch (or any of its affiliates) or by the law firm acting as counsel for Arch, as arbitrator within the last three years;

(b) Directing Arch not to proceed with the selection of the panel's Chair until the process for disclosures has been completed;

(c) Declaring that Arch has an obligation to disclose any facts that might lead to justifiable doubts as to a lack of independence or impartiality of Arch's Nominee including a description of any appointment or engagement by Arch (or any of its affiliates) or by the law firm acting as counsel for Arch, as arbitrator within the last three years; and

(d) awarding such other relief as the Court deems just and proper.

Respectfully submitted,

Dated:  New York, New York
       October 3, 2023

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:  ___*/s/ Robert L. Sills*_____

    Robert L. Sills
    robert.sills@pillsburylaw.com
    Alexander D. Hardiman
    alexander.hardiman@pillsburylaw.com
    Janine M. Stanisz
    janine.stanisz@pillsburylaw.com
    31 West 52nd Street
    New York, NY 10019
    Telephone: +1 (212) 858-1114
    Facsimile: +1 (212) 858-1500
    *Attorneys for Petitioner Foresight Energy, LLC*