Robert L. Sills
robert.sills@pillsburylaw.com
Telephone: +1 (212) 858-1114

Alexander D. Hardiman
alexander.hardiman@pillsburylaw.com
Telephone: +1 (212) 858-1064

Janine M. Stanisz
janine.stanisz@pillsburylaw.com
Telephone: +1 (212) 858-1016

PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street New York, NY 10019
Telephone: +1 (212) 858-1000
Facsimile: +1 (212) 858-1500

*Attorneys for Petitioner Foresight Energy, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FORESIGHT ENERGY, LLC,<br><br>     Petitioner,<br><br> v.<br><br>ARCH REINSURANCE LTD.,<br><br>     Respondent. | 23-cv-<br><br>**DECLARATION OF ROBERT L. SILLS IN SUPPORT OF PETITIONER'S ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION IN AID OF ARBITRATION** |

**ROBERT L. SILLS** declares the following to be true:

1. I am a member of the bar of this Court and am a partner of Pillsbury Winthrop Shaw Pittman LLP, attorneys for Foresight Energy, LLC ("Foresight"). I submit this declaration, which is based on my personal knowledge, information, and belief, in support of Foresight's order to show cause for a preliminary injunction in aid of arbitration.

2.      Foresight owns and operates mining complexes in Illinois. Respondent Arch Reinsurance Ltd. ("Arch"), together with several other insurance companies, issued and subscribed to policies insuring Foresight against "all risks" of "direct physical loss or damage to the Real, Personal Property and Equipment of the Insured and resultant Business Interruption and Extra Expense to reduce Business Interruption loss" resulting from an "Occurrence" that first commences during the policy period of December 15, 2020 to December 15, 2021. Arch sold Foresight policy number 8874-742-00, effective December 15, 2020 to December 15, 2021 (the "Policy").

3.      The Policy contains an arbitration provision that states as follows:

> If any dispute shall arise among the Insured and the Insurer with reference to the interpretation of this insurance or rights with respect to any transaction involved, whether such dispute arises before or after termination of this insurance, such dispute, upon the written request of either party, shall be submitted to three arbitrators, one to be chosen by either party, and the third one be the two so chosen. If either party refuses, or neglects to appoint an arbitrator within 30 days after receipt of written notice from the other party requesting it to do so, the requesting party may appoint two arbitrators. If the two arbitrators fail to agree in the selection of a third arbitrator within 30 days of their appointment, each of them shall name two, of whom the other shall decline one and the decision shall be made by drawing lots. All arbitrators shall be active or retired officers of insurance or reinsurance companies not under the control of with party to this certificate. The arbitrators shall interpret this certificate as an honorable engagement and not as merely a legal obligation. They are relieved of all judicial formalities and may abstain from following the strict rule of law. They shall make their award with a view to effecting the general purpose of this certificate in a reasonable manner rather than in accordance with a literal interpretation of the language. Each party shall submit its case to the arbitrator with 30 days of the appointment of the third arbitrator.
>
> The decision in writing of any two arbitrators when filed with the parties hereto shall be final and binding on both parties. Judgment may be entered upon the final decision of the arbitrators in any court having jurisdiction. Each party shall bear the expense of its own arbitrator and shall jointly and equally bear with the other party the expense of the third arbitrator and of the arbitration. Said arbitration shall take place in New York, NY and under US law unless some other place is mutually agreed upon by the Insured and the Insurer.

A copy of the Policy's arbitration provision is attached as Exhibit 1.

4.      After Foresight's coal mines sustained fire damage, Foresight submitted claims to its insurers. Arch, along with other insurers, denied coverage of all but a fraction of Foresight's losses. Foresight thereafter commenced arbitration to enforce its rights. In accordance with the arbitration provision, Foresight appointed Mr. Martin Anderson and Arch appointed Ms. Diane Nergaard as co-arbitrators.

5.      On August 17, 2023, counsel for Arch sent counsel for Foresight an email regarding the deadline for the selection of the tribunal's Chair. A copy of that email is attached as Exhibit 2. Counsel for both parties thereafter agreed on a deadline of September 14, 2023 for the nominees to select the Chair, and also proposed a conference to discuss preliminary issues. A copy of that email is attached as Exhibit 3.

6.      The parties held the conference on August 21, 2023. I suggested that the parties agree on a deadline for the party-appointed arbitrators to disclose any facts that might constitute a conflict of interest, including past arbitrator appointments by one of the parties or by their counsel. Counsel for Arch refused to agree to any disclosure process, asserting that it was not required by the Policy or by governing law, and that, in fact, Arch was entitled to appoint a biased co-arbitrator, if it so chose. The parties agreed that Foresight would provide Arch with a written statement of its position within ten days.

7.      The parties then exchanged further communications on the matter. Copies of their emails are attached as exhibits 4 to 8. As those emails show, Arch has maintained the position that it has no obligation to make any disclosure.

8.      Counsel for the other insurers in parallel arbitration proceedings have all agreed to disclosure by their nominees for co-arbitrator. I note that one of those other insurance companies is represented by a different office of the same law firm representing Arch in this case.

9.      By an email dated September 14, 2023, Foresight agreed to proceed with the selection of the Chair, expressly reserving its rights with respect to the failure to make disclosures. A copy of that email naming two candidates for Chair is attached as Exhibit 9.

10.     To date, the co-arbitrator nominated by Arch has not provided any disclosures. No Chair for the arbitral tribunal has yet been chosen.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on October 3, 2023.

*/s/ Robert L. Sills*_____

Robert L. Sills