Robert L. Sills
robert.sills@pillsburylaw.com
Telephone: +1 (212) 858-1114

Alexander D. Hardiman
alexander.hardiman@pillsburylaw.com
Telephone: +1 (212) 858-1064

Janine M. Stanisz
janine.stanisz@pillsburylaw.com
Telephone: +1 (212) 858-1016

PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street New York, NY 10019
Telephone: +1 (212) 858-1000
Facsimile: + l (212) 858-1500

*Attorneys for Petitioner Foresight Energy, LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FORESIGHT ENERGY, LLC,<br><br>                          Petitioner,<br>    v.<br><br>ARCH REINSURANCE LTD.<br><br>                         Respondent. | 23-cv-08703-VEC |
| ARCH REINSURANCE LTD,<br><br>                    Cross-Petitioner,<br>    v.<br><br>FORESIGHT ENERGY, LLC.<br><br>                  Cross-Respondent. | |

**MEMORANDUM IN OPPOSITION TO ARCH REINSURANCE LTD'S CROSS-
PETITION TO COMPEL ARBITRATION**

## PRELIMINARY STATEMENT

Arch Reinsurance Ltd.'s ("Arch") cross-petition to compel Foresight Energy, LLC ("Foresight") to arbitrate its claims is meritless. Foresight has (1) commenced the arbitration, (2) nominated its party-appointed arbitrator, and (3) nominated two proposed umpires in accordance with the underlying arbitration provision. And it is Arch's nominee who recently made a proposal to Foresight's nominee to modify the procedure for selecting the umpire. *See generally* Declaration of J. Martin Anderson. Arch has filed a baseless cross-petition to compel the arbitration already under way that appears to have no purpose but to attempt to disrupt this Court's scheduling order and delay the October 26, 2023 oral argument date set for Foresight's application for a preliminary injunction in aid of arbitration.

Arch's memorandum does not even discuss the applicable legal standard governing a motion to compel arbitration. Foresight, which initiated the underlying arbitration following Arch's baseless refusal to honor the policy it issued, does not, of course, resist arbitration. A motion to compel arbitration is only proper when a party unequivocally refuses to arbitrate, the exact opposite of the case here. Had Arch agreed to provide disclosures, in accordance with well-settled precedent, the arbitration would have continued its course and Foresight would not have had to seek relief from this Court.

Arch also outrageously asks this Court to sanction Foresight. That request is baseless, procedurally improper and should be summarily rejected.

2

**ARGUMENT**

### I.   A Motion to Compel Can Only Be Granted If a Party Unequivocally Refuses to Arbitrate

Arch seeks to compel arbitration even though it is Foresight that initiated the arbitration proceedings and has brought this application to compel Arch to make appropriate disclosures so that the arbitration may proceed in an orderly way. The long-established rule is that "[a] party may seek to compel arbitration 'only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute.'" *AES Gener, S.A. v. Compania Carbones del Cesar S.A.*, No. 08 Civ. 10407(WHP), 2009 WL 2474192, at \*2 (S.D.N.Y. Aug. 12, 2009) (alterations added and citations omitted). Arch's cross-motion falls far short of that standard on any number of grounds.

### II.   Foresight Has Not Refused to Arbitrate Its Claims

Arch suggests that there was something sinister in the fact that Foresight initially brought litigation in state court in Missouri (Foresight's principal place of business) to recover from its insurers. Memorandum in Opposition ("Opp") at 1. However, Foresight's commencement of that lawsuit was done in good faith and in accordance with a ruling Foresight obtained years earlier. *See Foresight Energy, LLC v. Certain London Mkt. Ins. Cos.*, 311 F. Supp. 3d 1085, 1089 (E.D. Mo. 2018). In this case, however, the Eastern District of Missouri granted a stay pending arbitration.[1] *Foresight Energy, LLC v. Ace Am. Ins. Co.*, No. 4:22-cv-00887-JAR, 2023 WL 2585931 (E.D. Mo. Mar. 21, 2023).

---

[1]  Arch's papers incorrectly suggest that the Missouri Court had issued an order compelling arbitration, rather than a stay. Opp. at 1.

Foresight has complied with the Eastern District of Missouri's March 21, 2023 Order by commencing arbitration proceedings and serving Arch with the Arbitration Demand. Sills Decl. ¶ 2. The arbitration process was progressing when Arch obstructed it by refusing to agree to any process for disclosures, in violation of applicable law, and Foresight was left with no choice but to seek court intervention to ensure that the arbitration move forward in a fair manner. As the Second Circuit has explained, "the expectation of speedy arbitration does not absolve the district court of its responsibility to decide requests for preliminary injunctions on their merits." *Am. Exp. Fin. Advisors Inc. v. Thorley*, 147 F.3d 229, 231 (2d Cir. 1998) (citation omitted). Even then, Foresight proceeded to nominate two candidates for umpire in accordance with the arbitration clause of the insurance policy at issue, on the schedule agreed to by the parties. Arch's claim that Foresight is improperly delaying its own case is groundless.

### III.    Arch's Request for Sanctions is Improper

In a complete waste of the resources of the Court and of Foresight, Arch asks this Court to sanction Foresight. Opp. at 6. Had Arch simply allowed appropriate disclosures to be made by the party-appointed arbitrators, there would have been no need to seek relief from this Court in aid of arbitration. Arch's claim that Foresight's request that such disclosures should be ordered was somehow a delaying tactic is absurd on its face. *See generally*, Declaration of Robert L. Sills.

Arch's Rule 11 application is brought in violation of every procedural requirement of Rule 11(c)(2). It is not made separately from any other motion; does not describe the specific conduct that is supposedly sanctionable, other than to assert in purely conclusory fashion that Foresight's application will fail and that Arch was forced to bring its meritless motion to compel; and was

4

filed with the Court in advance of the "safe harbor" required by the rule.[2] More important, there is no conceivable good faith basis for Arch to have sought substantive relief under Rule 11(b), and Arch's application is nothing more than a crude *in terrorem* attempt to cause Foresight to abandon a meritorious application. If any party deserves to be sanctioned for its litigation conduct, it is Arch.

### CONCLUSION

For the reasons stated above, Arch's cross-petition should be denied in its entirety.

Respectfully submitted,

Dated:  New York, New York
   October 19, 2023

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   */s/ Robert L. Sills*

Robert L. Sills
robert.sills@pillsburylaw.com
Alexander D. Hardiman
alexander.hardiman@pillsburylaw.com
Janine M. Stanisz
janine.stanisz@pillsburylaw.com
31 West 52nd Street
New York, NY 10019
Telephone: +1 (212) 858-1114
Facsimile: +1 (212) 858-1500
*Attorneys for Petitioner Foresight Energy, LLC*

---

[2] Arch suggests that given that Foresight's application was brought by order to show cause somehow excuses its failure to even attempt to comply with the unequivocal requirements of the rule. Foresight moved by order to show cause to obtain prompt relief with regard to disclosures, and to keep the arbitration moving forward.